IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------------------X

UNITED STATES OF AMERICA,
Plaintiff,

CRIM. NO. 24-154 (SCC)

-against-

ALDRIN MANUEL LARA-MARTINEZ,

Defendant
-----------------------------------------------------------------------X

### THE GOVERNMENT'S
### MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE INDICTMENT FOR IMPROPER VENUE

W. STEPHEN MULDROW
UNITED STATES ATTORNEY


Ryan R. McCabe
Assistant United States Attorney
District of Puerto Rico
Torre Chardon, Suite 1201
350 Carlos Chardon Street
San Juan, PR 00918

## <u>TABLE OF CONTENTS</u>

I.      PRELIMINARY STATEMENT ............................................................................ 1

II.     LEGAL STANDARD ..................................................................................... 2

III.    ARGUMENT.............................................................................................. 4

    A.    THE DEFENDANT'S MOTION TO DISMISS CANNOT MEET THE HIGH
       STANDARD SET BY THE FIRST CIRCUIT AS THE INDICTMENT
       PROPERLY ALLEGES VENUE.............................................................. 4
         a.    Discussion................................................................................ 5

    B.    THE INDICTMENT PROPERLY ALLEGES VENUE IN THE DISTRICT OF
       PUERTO RICO UNDER TITLE 18, UNITED STATES CODE, SECTION 3237(a)
       .......................................................................................................... 9
         a.    Applicable Law........................................................................ 9
         b.    Discussion.............................................................................. 12

    C.    VENUE IS PROPER UNDER TITLE 18, UNITED STATES CODE, SECTION
       3238 KNOWN AS "HIGH SEAS" OR "FIRST BROUGHT" AS ALDRIN LARA-
       MARTINEZ WAS FIRST BROUGHT TO OR ARRESTED IN THE DISTRICT
       OF PUERTO RICO. ...................................................................... 13
         a.    Applicable Law...................................................................... 14
         b.    Discussion.............................................................................. 16

    D.    THE CONSPIRACY TO KILL PERSONS IN A FOREIGN COUNTRY
       OBJECTIVES WERE NOT ACCOMPLISHED AS ALDRIN LARA-MARTINEZ
       DID NOT MURDER HIS INTENDED VICTIM. ............................... 18
         c.    Applicable Law...................................................................... 18
         d.    Discussion.............................................................................. 19

IV.     CONCLUSION ........................................................................................ 19

## Cases

*Bank of Nova Scotia v. United States*,

   487 U.S. 250 (1988) ................................................................................ 2

*Chandler v. United States*,

   171 F.2d 921 (1st Cir. 1948) .................................................................. 14

*Grunewald v. United States*,

   353 U.S. 391 (1957) .............................................................................. 18

*Krulewitch v. United States*,

   336 U.S. 440 (1949) .............................................................................. 18

*See United States v. DeCicco*,

   439 F.3d 36 (1st Cir. 2006) .................................................................... 16

*United States v. Abbas*,

   Case No. 20-cr-10016-LTS, Dk't No. 102 (D. Mass. Mar. 1, 2021) ........................................ 6

*United States v. Abbas*,

   No. 20-10016-LTS, 2021 WL 784095 (D. Mass. Mar. 1, 2021) ........................................ 9, 10

*United States v. Aldrin Lara-Martinez*,

   Case No. 23-cr-385 (PAD), Dk't No. 5 (D.P.R. October 5, 2023) ........................................ 16

*United States v. Aleynikov*,

   676 F.3d 71 (2d Cir. 2012) .................................................................... 3

*United States v. Alfonso*,

   143 F.3d 772 (2d Cir. 1998) .............................................................. 3, 4

*United States v. Apodaca*,

   275 F. Supp. 3d 123 (D.D.C. 2017) ........................................................ 17

*United States v. Ayeki*,

   289 F. Supp. 2d 183 (D. Conn. 2003) ...................................................... 5

*United States v. Bankman-Fried*,

   No. 22-cr-0673-LAK, 2023 WL 4194773 (S.D.N.Y. June 27, 2023) .......................... 9

*United States v. Baugh*,

   597 F. Supp. 3d 502 (D. Mass. 2022) ...................................................... 8

*United States v. Bellomo*,

   263 F. Supp. 2d 561 (E.D.N.Y 2003) ...................................................... 5

*United States v. Brennan*,
    183 F.3d 139 (2d Cir. 1999)...................................................................... 8

*United States v. Duque*,
    123 F. App'x 447 (2d Cir. 2005).............................................................. 12

*United States v. Erwin*,
    602 F.2d 1183 (5th Cir.1979).................................................................. 14

*United States v. Flaharty*,
    295 F.3d 182 (2d Cir. 2002)...................................................................... 4

*United States v. Gotti*,
    No. S4 02- CR-743 (RCC), 2004 WL 32858 (S.D.N.Y. Jan. 6, 2004)...................................... 6

*United States v. Griffith*,
    No. 20-CR-15 (PKC),2020 WL 4369650 (S.D.N.Y. July 29, 2020) .......................................... 6

*United States v. Juodakis*,
    834 F.2d 1099 (1st Cir. 1987) ............................................................. 18, 19

*United States v. Kelly*,
    462 F. Supp. 3d 191(E.D.N.Y. 2020)........................................................... 6

*United States v. Kerik*,
    615 F. Supp. 2d 256 (S.D.N.Y. 2009).......................................................... 3

*United States v. Kim*,
    246 F.3d 186 (2d Cir. 2001).................................................................. 12

*United States v. Kirk Tang Yuk*,
    885 F.3d 57 (2d Cir. 2018)................................................................ 12, 13

*United States v. Lange*,
    834 F.3d 58 (2d Cir. 2016).................................................................. 11

*United States v. Levy Auto Parts*,
    787 F.2d 946 (4th Cir.)...................................................................... 14

*United States v. Lyons*,
    Case No. 10-cr-10159-PBS, Dk't No. 94 (D. Mass. August 25, 2011) ...................................... 5

*United States v. Lyons*,
    No. 10-cr-10159-PBS, 2011 U.S. Dist. LEXIS 95617 (D. Mass. Aug. 25, 2011).................... 10

*United States v. Mangual–Santiago*,
    562 F.3d 411 (1st Cir. 2009) ............................................................................ 18

*United States v. Mehanna*,
    735 F. 3d 32 (1st Cir. 2013) ............................................................................. 17

*United States v. Mermelstei*n,
    487 F. Supp. 2d 242 (E.D.N.Y. 2007)................................................................ 7

*United States v. Miller*,
    808 F.3d 607 (2d Cir. 2015) ...................................................................... 14, 15

*United States v. Mojica-Baez*,
    229 F.3d 292 (1st Cir. 2000) ............................................................................ 4

*United States v. Naranjo*,
    14 F.3d 145 (2d Cir. 1994) ............................................................................ 12

*United States v. Ngige*,
    780 F.3d 497 (1st Cir. 2015) ....................................................................... 3, 4

*United States v. Novak*,
    443 F.3d 150 (2d Cir. 2006)............................................................................ 5

*United States v. Ohle*,
    678 F. Supp. 2d 215 (S.D.N.Y. 2010)............................................................... 7

*United States v. Pendleton*,
    658 F.3d 299 (3d Cir. 2011) ...................................................................... 14, 15

*United States v. Peterson*,
    357 F. Supp. 2d 748(S.D.N.Y. 2005) ............................................................... 6

*United States v. Portillo*, No. 09-1142-RPP, 2014 WL 97322 (S.D.N.Y. Jan. 8, 2014) ............... 5

*United States v. Reale*,
    No. S4 96 CR. 1069 (DAB), 1997 WL 580778 (S.D.N.Y. Sept. 17, 1997) .............................. 6

*United States v. Rodriguez-Moreno*,
    526 U.S. 275 (1999) ...................................................................................... 10

*United States v. Rommy*,
    506 F.3d 108 (2d Cir. 2007)........................................................................... 12

*United States v. Ruelas-Arreguin*,
    219 F.3d 1056 (9th Cir. 2000)......................................................................... 8

*United States v. Salman*,
   378 F.3d 1266 (11th Cir. 2004) ................................................................... 10

*United States v. Savarese*,
   686 F.3d 1 (1st Cir. 2012) .............................................................. 3, 4, 10

*United States v. Seward*,
   967 F.3d 57 (1st Cir. 2020) ............................................................. 9, 10

*United States v. Stein*,
   429 F. Supp. 2d 633 (S.D.N.Y. 2006) ........................................................... 9

*United States v. Stewart*,
   744 F.3d 17 21 (1st Cir. 2014) ................................................................. 3

*United States v. Svoboda*,
   347 F.3d 471 (2d Cir. 2003) ................................................................... 11

*United States v. Turner*,
   548 F.3d 1094 (D.C. Cir. 2008) ................................................................. 7

*United States v. Tzolov*,
   642 F.3d 314 (2d Cir. 2011) ................................................................... 11

*United States v. Uribe*,
   890 F.2d 554 (1st Cir. 1989) ................................................................. 11

*United States v. Wanda Vazquez-Garced*,
   Case No. 22-cr-342 (SCC), Dk't No. 498  (D.P.R. March 7, 2024) ........................................... 2

*United States v. Yannotti*,
   541 F.3d 112 (2d Cir. 2008) ................................................................... 4

*Whitehouse v. United States District Court*,
   53 F.3d 1349 (1st Cir. 1995) ................................................................. 2

## Statutes

18 U.S.C. § 3237 ............................................................... 2, 8, 10, 19

18 U.S.C. § 3238 ..................................................................... passim

18 U.S.C. § 956(a)(1) ........................................................... 1, 2, 16, 19

21 U.S.C. § 924(c)(1)(A)(i) ........................................................ 1, 2, 16

## Federal Rules of Criminal Procedure

Fed. R. Crim. 29.................................................................................................................. 1

Fed. R. Crim. P. 12 .......................................................................................................... 2, 3

Fed. R. Crim. P. 7(c)(1) .................................................................................................. 1, 3

TO THIS HONORABLE COURT:

The United States of America, by and through the undersigned attorneys, in response to the Defendant's motion to Dismiss for Improper Venue filed at Docket Entry Number 49, respectfully asks the Court to deny the Defendant's Motion.

## I.    PRELIMINARY STATEMENT

On April 25, 2024, a federal grand jury sitting in the District of Puerto Rico returned a two-count indictment charging Aldrin Lara-Martinez ("Lara-Martinez" or the "Defendant") with: (1) Conspiracy to Kill Persons in a Foreign Country in violation of Title 18, United States Code, Sections, 956(a)(1) and (a)(2)(A); and (2) Discharging a Firearm during and in relation to a Crime of Violence in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (c)(1)(A)(iii) and 2. (Dk't No. 1)("the Indictment").

On July 16, 2024, the Defendant filed a Motion to Dismiss the Indictment for Improper Venue. Dk't No. 49. Although the Defendant's Motion to Dismiss is styled as a motion for dismissal, it is an effort to make a Rule 29 motion as to the sufficiency of the government's evidence and makes several factual aversions. Dk't No. 49. A Rule 29 motion, however, is not appropriate at the pre-trial stage. The government's ability to prove its charges is an issue for the jury at trial—Federal Rule of Criminal Procedure 7 ("Rule 7") requires only that an indictment contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

As this Court has held, "[A]n indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and enable him to enter a plea without fear of double jeopardy. . . When evaluating challenges to an

1

indictment's sufficiency, courts take as true the allegations herein. . . accordingly, 'courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind the Indictment's allegations." *United States v. Wanda Vazquez-Garced*, Case No. 22-cr-342 (SCC), Dk't No. 498, at 3 (D.P.R. March 7, 2024)(citations omitted).  The rationale for this standard is apparent when the Defendant in arguing the sufficiency of the government's evidence incorrectly presupposes that the objectives of the conspiracy were achieved—when the Defendant murdered two bystanders and not his intended victim.  Dk't No. 49.

First, the Indictment properly alleges that the Defendant has committed two crimes: (1) Conspiracy to Kill Persons in a Foreign Country in violation of Title 18, United States Code, Sections, 956(a)(1) and (a)(2)(A); and (2) Possession of Firearms during and in relation to a Crime of Violence in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (c)(1)(A)(iii) and 2 as required under First Circuit precedent.

 Second, venue is proper under both Title, 18 United States Code, Sections 3237(a) and 3238.

## II.    **LEGAL STANDARD**

The power to dismiss an indictment pursuant to Federal Rule of Criminal Procedure 12 ("Rule 12") is "reserved for extremely limited circumstances" because it "directly encroaches upon the fundamental role of the grand jury." *Whitehouse v. United States District Court*, 53 F.3d 1349, 1360 (1st Cir. 1995)(citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 263 (1988)); *See United States v. Bustos de la Pava*, 268 F.3d 157, 165 (2d Cir. 2001)("[D]ismissal of an indictment is an extraordinary remedy reserved only for extremely limited circumstances

implicating fundamental rights."); *United States v. Kerik*, 615 F. Supp. 2d 256, 262 (S.D.N.Y. 2009)("A defendant seeking to dismiss counts under Rule 12 must satisfy a high standard.").

A motion to dismiss must attack the facial validity of the indictment and not the government's substantive case. *See United States v. Ngige*, 780 F.3d 497, 502 (1st Cir. 2015)(citing *United States v. Stewart*, 744 F.3d 17 21 (1st Cir. 2014)). When a defendant seeks an indictment's dismissal, "courts take the facts of the indictment as true, mindful that 'the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense.'" *United States v. Ngige*, 780 F.3d 497, 502 (1st Cir. 2015)(quoting *United States v. Savarese*, 686 F.3d 1, 7 (1st Cir. 2012)).

Rule 12 provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). On a pre-trial motion to dismiss, the court must accept all factual allegations in the indictment as true, and "the sufficiency of the evidence is not appropriately addressed." *United States v. Alfonso*, 143 F.3d 772, 776-777 (2d Cir. 1998). In other words, Rule 12 authorizes defendants to challenge the lawfulness of a prosecution on purely legal, as opposed to factual, grounds. *See United States v. Aleynikov*, 676 F.3d 71, 75–76 (2d Cir. 2012)("[A] federal indictment can be challenged on the ground that it fails to allege a crime within the terms of the applicable statute.").

Rule 7 requires only that an indictment contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "In general, an indictment is adequate if it specifies the elements of the offense charged, fairly apprises the defendant of the charge against which he must defend and allows him to contest it without fear of double jeopardy." *United States v. Savarese*, 686 F.3d 1, 7 (1st Cir. 2012); *United States v.*

3

*Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998)("an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."). The indictment "may use the statutory language to describe the offense, but it must also be accompanied by such statement of facts and circumstances as to inform the accused of the specific offense with which he is charged." *United States v. Savarese*, 686 F.3d 1, 7 (1st Cir. 2012)(citing *United States v. Mojica-Baez*, 229 F.3d 292, 309 (1st Cir. 2000)); *See United States v. Yannotti*, 541 F.3d 112, 127 (2d Cir. 2008)(to withstand a motion to dismiss, "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime."); *United States v. Flaharty*, 295 F.3d 182, 198 (2d Cir. 2002)(same); *United States v. Bernstein*, 533 F.2d 775, 786 (2d Cir. 1976)(observing that the Second Circuit has "consistently sustained indictments" that tracked the applicable statutory language and described the time and place in "approximate terms."). Most notably, "the government need not put forth specific evidence to survive a motion to dismiss." *United States v. Ngige*, 780 F.3d 497, 502 (1st Cir. 2015).[1]

## III.    ARGUMENT

### A.    THE DEFENDANT'S MOTION TO DISMISS CANNOT MEET THE HIGH STANDARD SET BY THE FIRST CIRCUIT AS THE INDICTMENT PROPERLY ALLEGES VENUE.

---

[1] The government has detailed the factual allegations against the Defendant at length in the Motion for Protective Order. To the extent there is additional information that is relevant to the government's responses, that information has been included in the appropriate responsive section of this brief. Moreover, while the government disagrees with many of the factual assertions made by the Defendant in connection with his motions, the government addresses herein only those assertions that are directly relevant to the Defendant's motions; as a result, the government's failure to respond to any individual factual assertion should not be considered acceptance of the truth of that assertion. "the government need not put forth specific evidence to survive a motion to dismiss." *United States v. Ngige*, 780 F.3d 497, 502 (1st Cir. 2015)

a.  <u>Discussion</u>

The Court should deny the Defendant's motion to dismiss because for each count the Indictment properly alleges that the crime occurred, "within the District of Puerto Rico and elsewhere."  Dk't No. 1 at ¶ 1, 4. The Indictment further alleges, "[o]n or about September 29, 2023, ALDRIN MAUEL LARA-MARTINEZ traveled from the Dominican Republic to the District of Puerto Rico." Dk't No. 1, ¶2,a.

In the District of Massachusetts, "[C]ourts have found the language 'In [state] and elsewhere' to be sufficient for purposes of alleging venue."  *United States v. Lyons*, Case No. 10-cr-10159-PBS, Dk't No. 94, at 3 (D. Mass. August 25, 2011).  The District Court in *Lyons* cited multiple Second Circuit decisions, as the Second Circuit contains both the Southern District of New York and the Eastern District of New York which have faced similar challenges to venue based on their geographic location and partition of New York city. *See United States v. Novak*, 443 F.3d 150, 161-162 (2d Cir. 2006)(indictment alleging criminal activity "within the federal districts listed below and elsewhere" did not constitute facial venue defect); *United States v. Portillo*, No. 09-1142-RPP, 2014 WL 97322 at *4, n.1 (S.D.N.Y. Jan. 8, 2014)("The Indictment also alleges generally that the Defendant and others conspired to commit money laundering 'in the Southern District of New York and elsewhere.' These allegations alone have been held to be sufficient to survive a pretrial motion to dismiss.")(internal citation omitted); *United States v. Ayeki*, 289 F. Supp. 2d 183, 188 (D. Conn. 2003)(where indictment alleged crimes "in the District of Connecticut and elsewhere . . . the indictment, on its face properly alleges venue," such that "there is no basis at this stage for moving for dismissal because of improper venue"); *United States v. Bellomo*, 263 F. Supp. 2d 561, 579 (E.D.N.Y 2003)(noting that where indictment alleged crimes

"within the Eastern District of New York and elsewhere," that indictment language "suffices to sustain it against this pretrial attack on venue.").

"A court considering a pretrial motion to dismiss for improper venue must take as true the allegations in the indictment." *United States v. Abbas*, Case No. 20-cr-10016-LTS, Dk't No. 102, at 4 (D. Mass. Mar. 1, 2021). A motion to dismiss a properly pled indictment "confuse[s] standards of pleading with standards of proof." *United States v. Reale*, No. S4 96-CR-1069 (DAB), 1997 WL 580778, at *7 (S.D.N.Y. Sept. 17, 1997); *Perez*, 575 F.3d at 166 (defendants had no basis to challenge "sufficiency of the indictment before trial because it met the basic pleading requirements"); *United States v. Gotti*, No. S4 02- CR-743 (RCC), 2004 WL 32858, at *2 (S.D.N.Y. Jan. 6, 2004)(a "pretrial motion to dismiss part of the indictment is not the time nor the proper occasion" to contest the sufficiency of the evidence).

"When considering a motion to dismiss, the Court must treat the indictment's allegations as true," *United States v. Kelly*, 462 F. Supp. 3d 191, 195(E.D.N.Y. 2020), therefore, "[w]here a defendant challenges venue in a pretrial motion to dismiss, indictments that allege that the offense occurred 'in the [challenged district] and elsewhere are sufficient to defeat the motion.'" *United States v. Griffith*, No. 20-CR-15 (PKC),2020 WL 4369650, at *2 (S.D.N.Y. July 29, 2020)(internal quotation marks omitted). *See also United States v. Herron*, No. 10-CR-0615 NGG, 2014 WL 949008, at *1 (E.D.N.Y. Mar. 11, 2014)("[O]n a motion to dismiss a count of the indictment, it suffices for the government to allege with specificity that the charged acts support venue in this district."); *United States v. Peterson*, 357 F. Supp. 2d 748, 751 (S.D.N.Y. 2005)("Where venue is challenged on a pre-trial motion to dismiss . . . the Government's burden is limited to showing that the indictment alleges facts sufficient to support venue."). *see also United States v. Ohle*, 678 F.

Supp. 2d 215, 231 (S.D.N.Y. 2010)("The question of whether there is sufficient evidence to support venue is appropriately left to trial.").

An indictment that charges a conspiracy "is sufficient if it tracks the language of the statute and alleges all of the essential elements of conspiracy, which are: '(1) an agreement between the defendant and at least one other person to commit an offense; (2) that the defendant knowingly participated in the conspiracy with the specific intent to commit the illegal object of the conspiracy, and; (3) that during the conspiracy an overt act in furtherance of the illegal objective was committed by a member of the conspiracy.'" *United States v. Mermelstei*n, 487 F. Supp. 2d 242, 251 (E.D.N.Y. 2007)(quoting *United States v. Zandstra*, No. 00-CR-209, 2000 WL 1368050, at *3 (S.D.N.Y. 2000)).

The Defendant states, "[w]hen venue is challenged, the government bears the burden of proving proper venue by a preponderance of the evidence as to each individual count. *Salinas*, 373 F.3d at 163." Dk't No. 49 at 5. However, the Court is required to accept the Indictment's allegations of "in the District of Puerto Rico" as true. *See United States v. Ngige*, 780 F.3d 497, 502 (1st Cir. 2015).

The Defendant argues, "[i]t is insufficient for the government to allege venue is proper in a district just because it is written on the indictment. *United States v. Turner*, 548 F.3d 1094, 1097 (D.C. Cir. 2008)." Dk't No. 49 at 5. The Defendant cites to *Turner* for that proposition, but the *Turner* court was not dealing with venue or a motion to dismiss. *United States v. Turner*, 548 F.3d 1094, 1097 (D.C. Cir. 2008). "[T]he main issue in this appeal from a conviction, after a jury trial, is whether the sentence imposed on the defendant, Peter R. Turner, violated the Ex Post Facto Clause of the Constitution. U.S. CONST. art. I, § 9."). Additionally, neither of the District of Massachusetts cases the Defendant cited allowed motions to dismiss for lack of venue or held that

7

"in the [district] and elsewhere" allegations were insufficient to survive a pre-trial motion to dismiss. *See United States v. Baugh*, 597 F. Supp. 3d 502, 507 (D. Mass. April 11, 2022)(silent as to whether "in the [district] and elsewhere" allegations were sufficient at the pleading stage and rejecting motions to dismiss for lack of venue relating to witness tampering and related charges); *United States v. Sidoo*, 473 F. Supp. 3d 8 (D. Mass. 2020)(accepting allegations in the indictment as true and rejecting venue motions to dismiss).

The out-of-circuit cases the Defendant cite are also distinguishable. Two involve post-trial appellate review and in a significantly different posture. *See United States v. Ruelas-Arreguin*, 219 F.3d 1056, 1060 (9th Cir. 2000)(post-trial appellate review of illegal re-entry case); *United States v. Brennan*, 183 F.3d 139 (2d Cir. 1999)(post-trial appellate review of mail fraud conviction). The Defendant cites several cases that are distinguishable as all but one were offenses that were not continuing offenses. *See United States v. Gamble*, No. 19-cr-348, 2020 WL 3605829, at *1 (D.D.C. July 2, 2020)(finding that the offenses were not continuing offenses) *United States v. Jimenez*, No. 2:19-cr-146, 2019 WL 6910164, at *4 (M.D. Fla. Dec. 19, 2019) ("Congress has enacted a specific venue statute that requires Jimenez to be prosecuted in the district where he was found in the United States. The Government essentially asks this Court to ignore the specific venue statute (which it cannot satisfy), but it presents no authority for the Court to do so.")(finding that the offense had a specific venue provision). *United States v. Alvarado*, 963 F. Supp. 2d 852, 857 (E.D. Wis. 2013)("Courts addressing similar statutes criminalizing threats have concluded that the offense is committed upon the articulation of the threat.")(finding that the offense is not continuing offense); *United States v. Blechman*, No. 10-cr-40095, 2011 WL 2473735, at *4, 9 (D. Kan. June 22, 2011) ("Not only do the particular charges bear no resemblance to any that have ever come before this court to the best of its recollection, but count one, in

particular, is so fashioned and alleged as to leave one wondering what is actually being charged as the conspiratorial agreement and its scope."); *United States v. Moore*, 582 F. Supp. 1575, 1577 (D.D.C. 1984) ("the Court of Appeals should define the exception before the resources of the parties and this Court are committed to a trial.").

The Defendant's factual challenging facially valid pleadings do not justify pre-trial dismissal of the Indictment as the government is entitled to marshal and present its evidence at trial and, if warranted, have its sufficiency tested by a motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. "The question of whether there is sufficient evidence to support venue is appropriately left for trial." *United States v. Bankman-Fried*, No. 22-cr-0673-LAK, 2023 WL 4194773, at *15 (S.D.N.Y. June 27, 2023)(quoting *United States v. Ohle*, 678 F. Supp. 2d 215, 231 (S.D.N.Y. 2010)).

B. THE INDICTMENT PROPERLY ALLEGES VENUE IN THE DISTRICT OF PUERTO RICO UNDER TITLE 18, UNITED STATES CODE, SECTION 3237(a)

The Defendant asks the Court to dismiss the Indictment because there is no venue for the charged offenses in the District of Puerto Rico. Dk't No. 49. The Court should deny the Defendant's motion because venue is proper for Count One and Count Two under Title, 18, United States Code, Sections 3237(a).

a. Applicable Law

Article III of the Constitution requires that criminal defendants "must be tried in the state or district in which the offense 'shall have been committed.'" *United States v. Seward*, 967 F.3d 57, 60 (1st Cir. 2020)(quoting U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI); *see also* Fed. R. Crim P. 18 ("[T]he government must prosecute an offense in a district where the offense was committed."). ; *see also United States v. Stein*, 429 F. Supp. 2d 633, 643 (S.D.N.Y. 2006)("[A]s

long as the indictment alleges venue, a pretrial motion to dismiss based on contrary allegations by the defendant must be denied.").  In order to survive a motion to dismiss, the "Government's burden is satisfied with regard to pleading venue by alleging that criminal conduct occurred within the venue." *Abbas*, 2021 WL 784095, at *2 (citing *United States v. Nicolo*, 523 F. Supp. 2d 303, 320 (W.D.N.Y 2007)); *see also United States v. Lyons*, No. 10-cr-10159-PBS, 2011 U.S. Dist. LEXIS 95617, at *2 (D. Mass. Aug. 25, 2011); *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004)(noting that there is no summary judgment procedure in criminal cases).  "Ultimately, the question presented by a motion seeking dismissal of a lawfully returned indictment 'is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense.'" *Abbas*, 2021 WL 784095, at *2 (quoting *United States v. Savarese*, 686 F.3d 1, 7 (1st Cir. 2012)).

"[A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."  18 U.S.C. § 3237(a). When an offense "span[s] multiple jurisdictions, or 'where a crime consists of distinct parts which have different localities[,] the whole may be tried where any part can be proved to have been done.'"  *Seward*, 967 F.3d at 60 (citing *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999)).  Additionally, "[a]ny offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce . . . moves."  18 U.S.C. § 3237(a)(emphasis added).  Finally, "[i]n a conspiracy prosecution, venue is proper 'so long as any act in furtherance

of the conspiracy was committed in the district.'" *United States v. Uribe*, 890 F.2d 554, 558 (1st Cir. 1989).

Title 28, United States Code, Section 119 defines the District of Puerto Rico as encompassing "Puerto Rico constitute one judicial district" *Id*. § 112(c). To determine the proper venue for a particular crime, courts first look to the crime's relevant criminal statute. *See Rasheed*, 2020 WL 6930781, at *3. "[A]bsent an express statutory provision to the contrary, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." *United States v. Royer*, 549 F.3d 886, 893 (2d Cir. 2008)(internal quotations omitted); 18 U.S.C. § 3237(a).

Because conspiracies—like those alleged in the Indictment—are continuing offenses, "venue is proper in any district in which an overt act in furtherance of [a] conspiracy was committed by any of the coconspirators." *United States v. Svoboda*, 347 F.3d 471, 483 (2d Cir. 2003)(internal quotation marks and citations omitted). As to the overt act, it must have been (1) performed by any co-conspirator and (2) undertaken for the purpose of accomplishing the objectives of the conspiracy. *United States v. Tzolov*, 642 F.3d 314, 319–320 (2d Cir. 2011). "Where venue is appropriate for the underlying crime of violence, so too it is for the § 924(c)(1) offense." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999).

"This includes not just acts by co-conspirators but also acts that the conspirators caused others to take that materially furthered the ends of the conspiracy." *Royer*, 549 F.3d at 896; *see United States v. Lange*, 834 F.3d 58, 70 (2d Cir. 2016)("An overt act is any act performed by any conspirator for the purpose of accomplishing the objectives of the conspiracy" (quoting *Tzolov*, 642 F.3d at 319-20)).

In a conspiracy, acts that confer venue can include simply passing through the district in the course of committing the offense. *See United States v. Kirk Tang Yuk*, 885 F.3d 57, 71-72 (2d Cir. 2018)(conspirator's trip over the Verrazzano Bridge passed over the concurrent waters of Southern and Eastern District of New York and supported venue in the Southern District of New York); *Tzolov*, 642 F.3d at 320 ("[V]enue for a conspiracy may be laid in a district through which conspirators passed in order to commit the underlying offense."); *United States v. Duque*, 123 F. App'x 447, 449 (2d Cir. 2005)(flight from Queens passing over the concurrent waters of the Eastern and Southern Districts of New York sufficient to support venue in the Southern District of New York). A defendant need not physically pass through a district to confer venue as electronic and wire communications passing through the district are sufficient. *See United States v. Kim*, 246 F.3d 186, 193 (2d Cir. 2001)(holding that "wire communications to and from [the prosecuting district] were essential to the continuing offense of causing fraudulent wires to be transmitted" and therefore conferred venue in the prosecuting district); *United States v. Naranjo*, 14 F.3d 145, 147 (2d Cir. 1994)("[P]hone calls from one district into another can establish venue in the latter district so long as they further the ends of the conspiracy.").

A defendant does not need to have "actual knowledge that an overt act will occur in a particular district to support venue at that location." *United States v. Rommy*, 506 F.3d 108, 123 (2d Cir. 2007). Instead, a defendant must have been able to "reasonably . . . foresee[] that part of the offense would take place in the district." *Kirk Tang Yuk*, 885 F.3d at 70 (alteration in original).

b.  <u>Discussion</u>

The Court should deny the Defendant's motion because for each count the Indictment properly alleges that the crime occurred, "within the District of Puerto Rico and elsewhere." Dk't No. 1 at ¶ 1, 4. The Defendant makes multiple factual arguments—which are arguments for a jury

or on a Rule 29 motion, "[o]n that date, Mr. Lara was arrested in the water approximately 32 nautical miles northwest of Aguadilla, Puerto Rico." The arrest warrant for the Defendant did not issue until October 4, 2023. Case No. 23-cr-385 (PAD), Dk't No. 2, at (D.P.R. October 4, 2023) ("[o]n September 29, 2023, United States Customs Air Marine Branch Marine Patrol Aircraft (MPA) detected a target of interest ("TOI") approximately thirty-two (32) nautical miles northwest of Aguadilla, Puerto Rico ("PR") heading towards PR. The target of interest was a vessel with two (02) outboard engines, no indicia of nationality, and approximately fifteen (15) subjects on board and visible packages on deck.").

The Indictment alleges, "On or about September 29, 2023, ALDRIN MAUEL LARA-MARTINEZ traveled from the Dominican Republic to the District of Puerto Rico." Dk't No. 1, ¶2,a. Taken as true—as required by the First Circuit—this act is sufficient to lay venue in the District of Puerto. S*ee United States v. Kirk Tang Yuk*, 885 F.3d 57, 71-72 (2d Cir. 2018); *See, e.g., United States v. Klyushin*, No. 21-cr-10104-PBS, 2023 WL 4756760, at * 4 (D. Mass. July 26, 2023)(Saris, J.)("'The classic example of a continuing offense is a conspiracy.'"). The Defendant was brought to Puerto Rico and avoided apprehension by law enforcement of the Dominican Republic. *See* 18 U.S.C. § 3238. As venue is proper for Count One, "[w]here venue is appropriate for the underlying crime of violence, so too it is for the § 924(c)(1) offense." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999).

C. <u>VENUE IS PROPER UNDER TITLE 18, UNITED STATES CODE, SECTION 3238 KNOWN AS "HIGH SEAS" OR "FIRST BROUGHT" AS ALDRIN LARA-MARTINEZ WAS FIRST BROUGHT TO OR ARRESTED IN THE DISTRICT OF PUERTO RICO.</u>

The Defendant asks the Court to dismiss the Indictment because there is no venue for the charged offenses in the District of Puerto Rico. Dk't No. 49. The Court should deny the Defendant's motion because venue is proper for Count One and Count Two under Title, 18, United

States Code, Sections 3238 as the Defendant was first brough to or arrested in the District of Puerto

Rico.

      A.  <u>Applicable Law</u>

      Title 18, United States Code, Section 3238, provides,

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of two or more joint offenders, or if no such residence is known the indictment or information may be filed in the District of Columbia.

18 U.S.C. § 3238.

      The First Circuit long ago stated regarding an earlier version of Section 3238 that the statute "ought . . . to be given its broad literal meaning." *Chandler v. United States*, 171 F.2d 921, 932 (1st Cir. 1948).  Courts of Appeals in the Second, Third, Fourth, and Fifth Circuits, have all held that "§ 3238 applies even when some of a defendant's offense conduct takes place in the United States." *United States v. Pendleton*, 658 F.3d 299, 304-05 (3d Cir. 2011); *United States v. Levy Auto Parts*, 787 F.2d 946, 950–952 (4th Cir.), *cert. denied*, 479 U.S. 828, (1986)(finding venue proper under Section 3238 when conspiracy was "essentially foreign," even when some overt acts occurred inside the United States); *United States v. Erwin*, 602 F.2d 1183, 1185 (5th Cir.1979), *cert. denied*, 444 U.S. 1071 (1980)("That venue may also be appropriate in another district will not divest venue properly established under § 3238."); *United States v. Miller*, 808 F.3d 607, 614 (2d Cir. 2015).  "The fundamental question in deciding the application of § 3238 is whether the acts are 'essentially foreign.'" *United States v. Klyushin*, Case No. 21-cr-10104-PBS, Dk't No. 243, 19 (D. Mass July 26, 2023)(citing *United States v. Pendleton*, 658 F.3d 299, 304-05 (3d Cir.

2011); *United States v. Miller*, 808 F.3d 607, 620 (2d Cir. 2015)(holding that an offense occurred "in its essence" abroad was "essentially foreign," and venue could be established "even though certain offense conduct occurred in the United States").  The question of whether an offense is "essentially foreign" is a question for the jury to decide. *United States v. Klyushin*, Case No. 21-cr-10104-PBS, Dk't No. 243, 20 (D. Mass July 26, 2023)("A rational jury could have found that the conspiracy in Count I was "essentially foreign"")

In *Pendleton*, "Pendleton's offense began when he initiated foreign travel by boarding a plane bound for Germany in the Eastern District of New York, he "committed" the offense when he engaged in an illicit sex act in Germany. Because Pendleton's criminal conduct was 'essentially foreign,'" *Levy Auto Parts*, 787 F.2d at 950, the District Court did not err in applying § 3238 to hold that venue was proper in the district of arrest." *United States v. Pendleton*, 658 F.3d 299, 304-05 (3d Cir. 2011).

In *Miller,* "the crux of the [defendant's] crime was the removal of the child from the United States.  It was not, for example, simply violating a state court custody order and crossing a state line: Its international nature endowed it with a different character and consequences.  Thus, the offense conduct occurred "in its essence," and the crime was committed and complete, when the child was removed to a jurisdiction outside a state or district.  For these reasons, we conclude that Lisa's criminal conduct here, which entailed the crossing of an international boundary with IMJ, was "essentially foreign."" *United States v. Miller*, 808 F.3d 607, 620 (2d Cir. 2015).

Moreover, venue does not become improper under Section 3238 simply because it might also have been properly laid elsewhere. *United States v. Pendleton*, 658 F.3d 299, 304 (3d Cir. 2011).

B.  <u>Discussion</u>

The Court should deny the Defendant's Motion to Dismiss because the government also established venue in the District of Puerto Rico under the "first-brought" or "high seas" venue statute for both counts of the Indictment.  *See* 18 U.S.C. § 3238.  The Defendant was first brought to or arrested in the District of Puerto Rico.   Dk't No. 5; *United States v. Aldrin Lara-Martinez*, Case No. 23-cr-385 (PAD), Dk't No. 5 (D.P.R. October 5, 2023).    The Defendant even acknowledges that fact, that "Mr. Lara was arrested in the District of Puerto Rico." Dk't No. 49 at 2.  While the First Circuit, has not been presented with the "essentially foreign" test, at least one District Court in the circuit has adopted the test.  *See United States v. Klyushin*, Case No. 21-cr-10104-PBS, Dk't No. 243, 19 (D. Mass July 26, 2023).

The indictment need not allege any particular legal theory of venue, and the facts alleged here—e.g., that the Defendant "[o]n or about August 18, 2023 . . . traveled form Logan International Airport, in Boston Massachusetts to the Dominican Republic, and whose crimes occurred both "in the District of Puerto Rico and elsewhere" were clearly "broad enough" to encompass first- brought venue.  *See United States v. DeCicco*, 439 F.3d 36, 47 (1st Cir. 2006)(no variance where allegations were "broad enough to support not just the theory" the defendant anticipated but also the one the government presented at trial); (Dk't No. 1, ¶1, ¶4).   The defendant's indictment in *Miller*-were the Second Circuit held that venue under § 3238 was appropriate—simply alleged "in the District [] and elsewhere." (Exh. A.).   Moreover, the indictment in *Klyushin*, did not specifically allege venue under § 3238—and the court held that it applied.  *See United States v. Klyushin*, Case No. 21-cr-10104-PBS, Dk't No. 243, 19 (D. Mass July 26, 2023).

However, the government also filed a bill of particulars at Docket Entry No. 59, alleging for Count One and Count Two that the Defendant was first brought to or arrested in the District of Puerto Rico.  Dk't No. 59.

Title 18, United States Code Section, 956(a) is "essentially foreign",  and states in relevant part:

> Whoever, within the jurisdiction of the United States, conspires with one or more other persons, regardless of where such other person or persons are located, to commit at any place outside the United States an act that would constitute the offense of murder, kidnapping, or maiming if committed in the special maritime and territorial jurisdiction of the United States shall, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy, be punished as provided in subsection (a)(2).

18 U.S.C. § 956(a)(1).

The legislative history of the statute reflects congressional intent that some "members of the conspiracy would not have to be in the United States" to violate the statute.  142 Cong. Rec. S 2517 (1995).  The First Circuit in Discussing Section 956, stated, "to commit at any place outside the United States an act that would constitute the offense of murder" if that act had been committed within the United States.  *Id*. § 956(a)(1).  For purposes of this statute, it does not matter whether the defendant's coconspirators are located within the United States or abroad.  *United States v. Mehanna*, 735 F. 3d 32, 43 (1st Cir. 2013).   Moreover, Section 956 establishes a criminal offense "in chapter 45 of title 18 . . . relating to foreign relations of the United States."  142 Cong. Rec. S 2517 (1995).

As to Count Two, which charges a violation of Title, 18 U.S.C. Section 924(c), "Courts have universally held that where the predicate offense applies extraterritorially, so does § 924(c)."  *United States v. Apodaca*, 275 F. Supp. 3d 123, 151 (D.D.C. 2017); *United States v. Mardirossian*, 818 F. Supp. 2d 775, 777 (S.D.N.Y. 2011)("(Section) 924(c) applies

extraterritorially where the government can prosecute a defendant's underlying extraterritorial . . . drug trafficking crime.").   In this case the evidence of the discharge of the firearm, would have occurred in the Dominican Republic—making Count Two "essentially foreign" for the purposes of venue under Section 3238. *See United States v. Klyushin*, Case No. 21-cr-10104-PBS, Dk't No. 243, 19 (D. Mass July 26, 2023).

   D.  <u>THE CONSPIRACY TO KILL PERSONS IN A FOREIGN COUNTRY OBJECTIVES WERE NOT ACCOMPLISHED AS ALDRIN LARA-MARTINEZ DID NOT MURDER HIS INTENDED VICTIM.</u>
       a.  <u>Applicable Law</u>

A conspiracy continues until its central purpose has been attained.   *See Grunewald v. United States*, 353 U.S. 391, 401–02 (1957)(rejecting an implied subsidiary conspiracy to conceal the crimes because the original purpose had been accomplished); *Krulewitch v. United States*, 336 U.S. 440, 442–43 (1949)(same). *United States v. Morgan*, 748 F.3d 1024, 1036 (10th Cir. 2014). A conspiracy endures only "as long as the co-conspirators endeavor to attain the 'central criminal purposes' of the conspiracy," *United States v. Berroa*, 856 F.3d 141, 155 (1st Cir. 2017)(quoting *United States v. Upton*, 559 F.3d 3, 10 (1st Cir. 2009)), *United States v. Weadick*, 15 F.4th 1, 11–12 (1st Cir. 2021)

Once a conspiracy's existence has been established, "the law presumes that the conspiracy continued, and that [a conspirator] continued to participate, unless he makes 'an affirmative showing' that the conspiracy was abandoned or terminated, or that he withdrew from it." *United States v. Mangual–Santiago*, 562 F.3d 411, 422 (1st Cir. 2009)(quoting *Piper*, 298 F.3d at 53). "Typically, there must be evidence either of a full confession to authorities or a communication by the accused to his co-conspirators that he has abandoned the enterprise and its goals." *United States v. Juodakis*, 834 F.2d 1099, 1102 (1st Cir. 1987).

b.  Discussion

The Defendant argues that, "[g]iven that the offense charged in Count One, "conspiracy to kill persons in a foreign country," presupposes that a murder(s) was committed in the Dominican Republic and that Mr. Lara participated in a conspiracy to commit such murder(s), the act of fleeing to Puerto Rico after the murder has been committed to avoid apprehension is outside of the scope of the conspiracy."  Dk't No. 49 at 6-7.

This line of arguments are for the jury, however, the individual that the Defendant conspired to kill was not murdered—as one individual stated in a communication with the Defendant when discussing the murders, "Everyone understands what it is. Those people were at the wrong place in the wrong time"  (Ex'h B).  The Defendant during the course of the conspiracy to kill persons in a foreign country—murdered two bystanders—and failed to murder his intended victim. *See United States v. Juodakis*, 834 F.2d 1099, 1102 (1st Cir. 1987).  Since, the object of the conspiracy was not achieved, whether the Defendant communicated his abandonment of the conspiracy or made a full confession to the authorities disavowing the conspiracy is questions for the jury.  *See id.*

IV.  **CONCLUSION**

The Defendant's motion to dismiss should be denied because the (1) The Defendant's motion to dismiss cannot meet the high standard set by the First Circuit as the Indictment properly alleges venue; (2) the Indictment properly alleges venue in the District of Puerto Rico under Title 18, United States Code, Section 3237(a); (3) the Indictment properly alleges venue under Title 18, United States Code, Section 3238 known as "high seas" or "first brought" as Aldrin Lara-Martinez

was first brought to or arrested in the district of Puerto Rico; and (4) The conspiracy to kill persons in a foreign country objectives were never accomplished.

WHEREFORE, the government respectfully requests this Honorable Court deny the Defendant's Motion to Dismiss the Indictment for Improper Venue filed at Docket Entry Number 49.

RESPECTFULLY SUBMITTED.

San Juan, Puerto Rico, this 16th day of August 2024.

W. STEPHEN MULDROW
UNITED STATES ATTORNEY

Ryan R. McCabe – G03505
Assistant United States Attorney
Torre Chardon, Suite 1201
350 Carlos Chardon Street
San Juan, PR 00918
ryan.mccabe@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the defendant.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 16th day of August 2024.

/s/ Ryan R. McCabe
Ryan R. McCabe – G03505
Assistant United States Attorney
Torre Chardon, Suite 1201
350 Carlos Chardon Street
San Juan, PR 00918
ryan.mccabe@usdoj.gov