IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

[1] ALDRIN MANUEL LARA-MARTÍNEZ,

Defendant.

CRIM. NO.: 24-154 (SCC)

**OPINION AND ORDER**

Pending before the Court is Defendant Aldrin Manuel Lara-Martínez's ("Mr. Lara") request for this Court to transfer this case to the District of Massachusetts. *See* Docket No. 121. The Government opposed the request, *see* Docket No. 127, to which Mr. Lara replied, *see* Docket No. 138. For the reasons set forth below, Mr. Lara's request is **GRANTED**.

Federal Rule of Criminal Procedure 21(b) provides that "[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b). Both requirements listed in Rule 21(b)—convenience and the interest of justice—must be satisfied. *United States v.*

*Walker*, 665 F.3d 212, 224 (1st Cir. 2011). "Generally, venue change under Rule 21(b) may be warranted depending on a number of factors, the significance of which inevitably will vary depending on the facts of a given case." *United States v. Quiles-Olivo*, 684 F.3d 177, 184 (1st Cir. 2012) (referencing *Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 243–44 (1964)). Such factors include: "the location of a defendant and potential witnesses, contested events, relevant documents, and counsel; expense to the parties; overall accessibility to trial location; a given district's docket condition; potential disruption of defendant's business if case is not transferred; and any other special factors in play." *Id.* at 184–85; *see also United States v. Peake*, 804 F.3d 81, 90 (1st Cir. 2015) (applying the *Platt* factors to the defendant's motion for change of venue).

Applying the *Platt* factors to the factual circumstances at hand, the Court determines that the District of Massachusetts provides a forum which supports convenience and the interests of justice in this case. Mr. Lara is from Massachusetts, where his family presently resides. Docket No. 121, pg. 6. Mr. Lara's brothers, Alvin Lara-Martínez and Alder Lara-Martínez, were recently arrested in the District of Massachusetts for conduct related to the conspiracy presently before this Court. *See USA v. Lara-Martínez*, No. 25-424-MAJ-

HRV (D.P.R. Oct. 9, 2025). As a result, the Government has concentrated its investigative efforts in Massachusetts, where it has executed search warrants and served subpoenas on potential witnesses in this case. Docket No. 121, pg. 6–7. Accordingly, the Court understands that a substantial portion of evidentiary materials and witnesses are located in the District of Massachusetts. Moreover, based on the briefing, which has referenced the discovery produced thus far, it has become clear that the alleged events in this case largely occurred in the District of Massachusetts. This case involves a conspiracy which is alleged to have begun in Massachusetts, where Mr. Lara communicated with co-defendant Franklyn Báez-Otaño to prepare for the acts, and then traveled from Logan International Airport to the Dominican Republic to accomplish the object of the conspiracy. Docket No. 127, pg. 9 (citing Docket No. 114).

In consideration of the above, the Court concludes that transfer of the instant matter is appropriate and **GRANTS** Mr. Lara's request at Docket No. 121. Accordingly, the Clerk of the Court is directed to transfer this case to the United States District Court for the District of Massachusetts.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 24th day of February 2026.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES DISTRICT COURT JUDGE